UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-00035-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THEODORE BLAKE, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on Defendant's pro se Motion for Home Detention (Doc. No. 25). For the reasons which follow, Defendant's motion is DENIED.

I.    **BACKGROUND**

On September 30, 2013, a federal grand jury returned a three count Bill of Indictment against Defendant and another co-defendant.  (Doc. No. 1-1).[1]  The Bill of Indictment charged Defendant with being a Felon in Possession of a Firearm, and Maintaining a Dwelling for the Purpose of Distributing Cocaine Base and Marijuana.  Id.  On March 17, 2014, Defendant, acting pursuant to an agreement with the Government, pled guilty to the offense of Maintaining a Dwelling for the Purpose of Distributing Cocaine Base and Marijuana.  (Doc. No. 28, p. 3).  Based on Defendant's conduct in the underlying case and his criminal history, Defendant was subject to a guideline imprisonment range of 33 to 41 months in the custody of the Bureau of Prisons.  Id. at 21. Defendant was sentenced to 30 months of incarceration to be followed by three years of supervised release.  (Doc. No. 1-2, p. 2-3).  Defendant did not appeal.

---

[1] The case was originally filed in the Middle District of North Carolina but later transferred to the Western District of North Carolina.  (Doc. No. 1).

1

On October 7, 2019, the United States Probation Office filed a petition alleging Defendant violated the terms of his supervised release. (Doc. No. 15, p. 1). On December 18, 2019, the Court found Defendant did violate the terms of his supervised release and sentenced him to 12 months and 1 day of imprisonment, and did not impose an additional term of supervision. (Doc. No. 24, p. 1-2). On June 19, 2020, Defendant filed a request with the Court seeking home detention. (Doc. No. 25, p. 1). Defendant generally contends that he should be released on home confinement because he has not had any behavioral issues at BOP and that he has Hepatitis C. Id.

The Government has filed a Response in Opposition to Defendant's Motion. (Doc. No. 30). The Government argues that Defendant's COVID-19 argument is not properly before this Court because he has not exhausted his remedies before the Bureau of Prisons. Id. at 1. The Government in addition argues that Defendant's motion should be denied because Defendant failed to establish extraordinary and compelling reasons to support compassionate release. Id.

## II.    DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Defendant argued that the COVID-19 pandemic is a compelling and extraordinary reason for his compassionate release request while asserting the above arguments. However, Defendant is required by 18 U.S.C. § 3582(c)(1)(A) to exhaust his remedies before the Bureau of Prisons. He has not done so with regard to his COVID-19 related argument in support of compassionate release. See United States v. Raia, 954 F.3d. 594, 597 (3d Cir. 2020); United States v. Gileno, No. 3:19-cr-161-(VAB)-1, 2020 WL 1307108, at *3 (D. Conn. Mar. 19, 2020).[2]

---

[2]    The Attorney General has issued two Memorandum to BOP with regard to the Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic. The first, dated March 26, 2020, provided a non-exhaustive list for BOP to consider, including the age and vulnerability of the inmate to COVID-19, the security level of the facility, the inmate's conduct in prison, the inmate's score under PATTERN, whether the inmate has a demonstrated and verifiable re-entry plan to prevent recidivism and maximize public safety, and the inmate's crime of conviction. The second, dated April 3, 2020, directs BOP to immediately maximize appropriate transfers to home

2

Defendant also failed to provide any "extraordinary or compelling reasons" for his release. See 18 U.S.C § 3582(c)(1)(A); see also United States v. Zywotko, No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900, at *2 (M.D. Fla. Mar. 27, 2020) ("'General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release….'") (quoting United States v. Eberhart, No. 13-cr-313-PJH-1, --- F. Supp. 3d ---, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020)).

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[3]

---

confinement for appropriate inmates from facilities where COVID-19 is materially affecting operations and to expand the review to include all at-risk inmates, not just those previously eligible for transfer.

[3] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1). The Sentencing Commission's policy statement with regard to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

> (A) Medical Condition of the Defendant –
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….
>>
>> (ii) The defendant is –
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

4

U.S.S.C. § 1B1.13, application note 1; see also 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction). Assuming that Defendant has satisfied § 3582(c)(1)'s exhaustion requirement, he does not qualify for relief based on the extraordinary or compelling circumstances under subsections (i) and (ii). [4]

Defendant notes he has not received treatment for his Hepatitis-C, but does not claim this diagnosis as an extraordinary or compelling circumstance. See (Doc. No. 25, p. 1). Addressing the impact that a COVID-19 diagnosis would have on an individual with Hepatitis C, the CDC provides "currently we have no information about whether people with Hepatitis B or Hepatitis C are at increased risk for getting COVID-19 or having severe COVID-19." See What to Know About Liver Disease and COVID-19, Centers for Disease Control and Prevention (May 5, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html. It does not appear Defendant has suffered from any severe liver issues as a result of his Hepatitis C diagnosis, and it does not appear that Defendant would be at a higher risk of severe illness due to a COVID-19 diagnosis.

Defendant has failed to demonstrate the existence of "extraordinary and compelling reasons to supporting his Motion pursuant to § 3582(c)(1)(A). Defendant does not assert that he has a terminal or serious health condition or deterioration in physical or mental health due to aging or family circumstances that would support release under subsections A, B, or C of U.S.S.G. § 1B1.13, application note 1.

---

[4] Defendant does not seek relief under subsection (ii) of 18 U.S.C. § 3582(c)(1)(A), nor is such relief available to him, as he is neither 70 years old nor has served at least 30 years in prison.

Nor does Defendant identify any other circumstances that are "extraordinary and compelling" under subsection D of the applicable policy statement. Because Defendant has failed to make the required showing, his claim under § 3582(c)(1)(A)(i) will be denied.

## III. DEFENDANT'S REQUEST FOR HOME CONFINEMENT

To the extent Defendant requests the Court release him to home confinement, the Court does not have authority to do so. See 18 U.S.C. § 3621(b); Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); see also McKune v. Lile, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) ("[D]efendant suggests the CARES Act provides legal authority for the court to order home confinement…. This provision does not authorize the court to order defendant's placement in home confinement."). A court has no authority to designate a prisoner's place of incarceration. United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993). Because Defendant's request for home confinement alters only the place of incarceration, not the actual term of incarceration, only BOP may grant or deny his request; the Court is without jurisdiction to do so.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Home Detention (Doc. No. 25) is DENIED.

IT IS SO ORDERED.

Signed: August 18, 2020

Frank D. Whitney
United States District Judge

6